UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| CAROL YVONNE CUNNINGHAM, <br>     Plaintiff, | Case No. 1:24-cv-603 |
| vs. | Barrett, J. <br> Litkovitz, M.J. |
| SUE MILLER, <br>     Defendant. | REPORT AND RECOMMENDATION |

Plaintiff Carol Yvonne Cunningham, a resident of Cincinnati, Ohio, has filed a pro se civil complaint against Sue Miller, a care coordinator with the Council on Aging Elderly Services Program in Blue Ash, Ohio. (Doc. 1-1). By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

This matter is now before the Court for a s*ua sponte* review of the complaint to determine whether the complaint or any portion of it should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

**Screening of Complaint**

**A.    Legal Standard**

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the

plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke,* 490 U.S. at 328-29; *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915 (e)(2)(B)(ii). A complaint filed by a pro se plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-

2

pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

      **B.**      **Plaintiff's Complaint**

Ms. Cunningham has submitted a complaint and several attachments. As best the Court can discern from these documents, plaintiff was receiving services from the Council on Aging, Hamilton County Elderly Services Program. She was presented with a "Contracted Agreement for Continuing Services" in January 2024, which alleged that plaintiff had a history of difficult and argumentative behaviors that inhibited her providers from addressing her needs. (Doc. 1-1 at PAGEID 8). The contract required plaintiff to treat Council on Aging staff with respect and consideration and to engage in an open dialogue. Plaintiff refused to sign the contract and alleges the information about her behavior is untrue. She states she does not argue about her needed health care. She alleges the agency should be investigated for not taking care of their clients and seeks a monetary judgment of "ten thousand dollars for lack of basic health needs." (Doc. 1-1 at PAGEID 6).

### C. Resolution

Ms. Cunningham's allegations are insufficient to state a claim with an arguable basis in law over which this federal Court has subject matter jurisdiction.

First, Ms. Cunningham's civil cover sheet indicates she is bring a claim under the False Claims Act, 31 U.S.C. § 3729, *et seq*. The False Claims Act "prohibits any person from making false or fraudulent claims for payment to the United States." *McGhee v. Light*, 384 F. Supp. 3d 894, 897 (S.D. Ohio 2019) (quoting *Graham Cnty. Soil & Water Conservation Dist. v. U.S. ex rel. Wilson*, 545 U.S. 409, 411, (2005) (citing 31 U.S.C. § 3729), *report and recommendation adopted*, No. 3:19-cv-143 (S.D. Ohio June 6, 2019) (Doc. 5). While "private individuals may bring *qui tam* actions in the Government's name for § 3729 violations," a pro se plaintiff is prohibited from bringing a qui tam action on behalf of the Government and the federal courts lack subject matter jurisdiction to hear such claims. *Id.*; *Brantley v. Title First Titling Agency*, No. 1:12-cv-608, 2012 WL 6725592, at *3 (S.D. Ohio Sept. 27, 2012), *report and recommendation adopted*, 2012 WL 6725591 (S.D. Ohio Dec. 27, 2012). Therefore, the Court is without jurisdiction over Ms. Cunningham's False Claims Act claim.

Second, to the extent Ms. Cunningham seeks to invoke the diversity jurisdiction of the Court under 28 U.S.C. § 1332(a), the complaint reveals such jurisdiction is lacking. A district court has jurisdiction over a suit between citizens of different states when the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). Ms. Cunningham has not alleged the requisite amount in controversy to establish diversity jurisdiction. In addition, Ms. Cunningham and Ms. Miller are both Ohio citizens, and there is no complete diversity of citizenship in this matter. This Court lacks subject matter

jurisdiction on the basis of diversity of citizenship over any state law claims Ms. Cunningham may be alleging.

To the extent Ms. Cunningham invokes the Court's federal question jurisdiction aside from the False Claims Act, the complaint fails to state a claim for relief. District courts have original federal question jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In order to invoke the Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331, Ms. Cunningham must allege facts showing the cause of action involves an issue of federal law. *See Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). The undersigned is unable to discern from the facts alleged in the complaint any federal statutory or constitutional provision that applies to give rise to an actionable claim for relief.

Accordingly, the complaint fails to state a claim upon which relief may be granted and should be dismissed under 28 U.S.C. § 1915(e)(2)(B).

## IT IS THEREFORE RECOMMENDED THAT:

1. The complaint be **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny Ms. Cunningham leave to appeal *in forma pauperis*. Ms. Cunningham remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United*

*States Postal Serv.,* 105 F.3d 274, 277 (6th Cir. 1997).

Date:  10/29/2024

*Karen L. Litkovitz*
Karen L. Litkovitz
United States Magistrate Judge

6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| CAROL YVONNE CUNNINGHAM,<br>    Plaintiff, | Case No. 1:24-cv-603 |
| vs. | Barrett, J.<br>Litkovitz, M.J. |
| SUE MILLER,<br>    Defendant. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).